The Honorable Lu Hardin State Senator 260 Hilltop Drive Russellville, Arkansas 72801
Dear Senator Hardin:
This opinion is being issued in response to your recent questions regarding the publication of legal notices under the provisions of A.C.A. § 16-3-102(a). More specifically, you have presented the following questions:
Under A.C.A. § 16-3-102(a):
 (1) If a city of the first class has a daily newspaper, does the law require that an invitation to bid on a health insurance contract for city employees be run once, or for one full week?
 (2) May the ad be run in a weekly paper located in the same county as the first class city?
RESPONSE
Question 1 — If a city of the first class has a daily newspaper, does thelaw require that an invitation to bid on a health insurance contract forcity employees be run once, or for one full week?
It is my opinion that the invitation to bid must be advertised once, regardless of whether it is published in a daily newspaper or in a weekly newspaper.
A first class city's invitation to bid on a health insurance contract for city employees is governed by A.C.A. § 14-58-303, which sets forth the bidding and notice requirements for various purchases made by cities of the first class. That statute requires only that the invitation be advertised "in any local newspaper." A.C.A. § 14-58-303(b)(2)(A)(i). It does not establish a required length of time for which the advertisement must be run. Therefore, such an invitation to bid falls within the provisions of A.C.A. § 16-3-102(a), which states:
 (a) When any legal advertisement or notice is required by law to be published and no definite time is given for it to run, it shall be construed to mean for one (1) week.
A.C.A. § 16-3-102.
Your question arises out of this provision's failure to state whether the phrase "for one week" means "daily for one week," or "one time during a week." The provisions of A.C.A. § 16-3-102(b) indicate that the phrase should be interpreted to mean "one time during a week." Section (b) states:
 When a definite time is specified, it shall be construed to mean once a week during the time so specified. . . .
A.C.A. § 16-3-102(b).
This provision illustrates the General Assembly's belief that one advertisement published during a week is sufficient to provide the required notice. I therefore conclude that an invitation to bid on a health insurance contract for city employees must be advertised once.
Question 2 — May the ad be run in a weekly paper located in the samecounty as the first class city?
It is my opinion that the advertisement that is required by A.C.A. §14-58-303 may be run in a weekly newspaper that is located in the same county as the first class city, provided that the weekly newspaper has general circulation in the city, and provided that the newspaper meets the qualifications of a "legal newspaper," as set forth in A.C.A. §16-3-105.
The notice that is required by A.C.A. § 14-58-303 must be published "in any local newspaper." The term "local" is not defined in the statute. Although the term "local," as used in A.C.A. § 14-58-303, could be construed to refer to the city (since the statute is one governing city matters), I nevertheless conclude that it can also encompass the county, therefore authorizing publication in a weekly newspaper that is located in the same county as the first class city and that has general circulation in the city. I base this conclusion on the fact that the laws requiring publication of notice appear to be aimed at distributing the required notice through a medium that has general circulation in the area affected by the notice. Such an area is often expressed in terms of counties. See, e.g., A.C.A. § 16-3-105, which, in defining "legal newspaper," states: "The newspaper shall be circulated and distributed from an established place of business to subscribers and readers generally of all classes in the county or counties in which it is circulated. . . ." A.C.A. § 16-3-105(c)(1). Similarly, A.C.A. §16-3-103(a)(2) states: "Where there is more than one (1) newspaper published in any county, the advertisement shall be made in the newspaper designated by the attorney for the party causing the advertisement to be made." See also A.C.A. § 16-3-106, which allows publication in a newspaper published outside the town or county in question (or even outside the State of Arkansas), if no newspaper is published in that town or county, provided that the chosen newspaper is one that has general circulation in that town or county. These statutes appear to indicate that the purpose of the publication requirements will be met if publication is made through a medium that has general circulation in the area in question.
I therefore conclude that the advertisement that is required by A.C.A. §14-58-303 may be published in a weekly newspaper that is located in the same county as the first class city in question, provided that the newspaper has general circulation in the city, and provided that it otherwise meets the qualification requirements of A.C.A. § 16-3-105.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh